# ORIGINAL

# In the United States Court of Federal Claims

**FILED**

No. 16-1252C
(Filed: February 16, 2017)

FEB 1 6 2017

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *

LC BLACK,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff, appearing *pro se*, filed his complaint and motion for leave to proceed *in forma pauperis* on October 3, 2016. In his complaint, he alleges violations of his civil rights under various statutes because he was unlawfully terminated from employment by the United States Department of Veterans Affairs (VA). He alleges that he was fired in retaliation for an earlier Equal Employment Office claim he made at the agency. Plaintiff earlier brought an administrative challenge to his termination at the Merit Systems Protection Board ("MSPB"). The MSPB's final decision denying relief, dated September 13, 2016, is attached to plaintiff's complaint.

Defendant has moved to dismiss the complaint, arguing that challenges to federal agency employment actions–retaliation and discrimination–belong at the MSPB, or EEOC, and then the district courts or Federal Circuit, depending on the circumstances, not this court. To the extent that plaintiff is alleging an independent tort claim, those also belong in the district courts, argues defendant.

In response, plaintiff filed a motion to transfer his complaint to the United States District Court for the Eastern District of Missouri in apparent agreement with defendant's jurisdictional arguments. Defendant takes no position on that motion other than to argue that no single forum could hear all of the claims potentially alleged in the present complaint, and thus plaintiff

should be forced to an election before the court considers transferring the complaint. Plaintiff's reply was due on January 13, 2017, but he did not file one.

As an initial matter, defendant is correct that this court has no jurisdiction over any of the claims alleged in plaintiff's complaint, and we construe plaintiff's filing of a motion to transfer as tacit agreement with that position. Thus, any claim not transferred must be dismissed as outside of our jurisdiction.

The transfer statute authorizes the federal courts to transfer actions that are outside of their jurisdiction to the appropriate forum "if it is in the interest of justice." 28 U.S.C. § 1631 (2012). The Federal Circuit has explained that the interest of justice standard includes a determination of whether the claim to be transferred is frivolous. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (1987). Also relevant is whether the transfer would be futile because of an obvious lack of merit. *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011). It is within the sound discretion of the transferor court to make such a determination. *Id.*

Claims of discrimination must be appealed from the MSPB to the Equal Employment Opportunity Commission ("EEOC") or brought as a new civil action in the district courts. 5 U.S.C. § 7702(b)(1) (2012) (appeal to the EEOC); 5 U.S.C. § 7703(b)(2) (2012) (civil action in district court). The transfer statute does not allow transfer to administrative tribunals, such as the EEOC, however. Defendant argues that, if plaintiff waived his discrimination claim, then appeal would lie to the Federal Circuit under 28 U.S.C. § 7703(b)(1)(A). Therefore, no single court has jurisdiction over all of plaintiff's claims, goes defendant's argument, and plaintiff ought to be forced to make an election before a transfer is entertained. Defendant does admit, however, that plaintiff's motion for transfer to the district court is arguably such an election, but defendant does not concede jurisdiction in the district court in any event.

Given the inarticulate nature of the *pro se* complaint filed, we are unable to make a determination regarding the frivolity or merits of plaintiff's potential civil action in district court beyond the fact that the MSPB did not find the claim, as presented to it, to be meritorious. Nevertheless, we find that the interest of justice is met by a transfer to the district court. Civil actions under section 7703 must be filed within 30 days of the receipt of the MSPB's decision. 5 U.S.C. § 7703(b)(2) ("any such case filed . . . must be filed within

2

30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702."). It is now well past the 30 day window for filing a new complaint in district court. A transfer complaint, however, is deemed filed in the transferee court on the date originally filed in the transferor court. *See* 28 U.S.C. § 1631 ("the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."). Plaintiff's filing date in this court was within the 30 day period after the MSPB decision. In light of plaintiff's *pro se* status, we find the interest of justice best served by the transfer of plaintiff's complaint to the Eastern District of Missouri. Although we make no judgment regarding the merits of plaintiff's discrimination claim, it is at least one that is within the proper jurisdiction of the district court.[1] Accordingly, the following is ordered:

1. Plaintiff's motion to proceed *in forma pauperis* is granted for good cause shown.

2. Defendant's motion to dismiss is granted in part and denied in part. To the extent that plaintiff has alleged a tort claim or independent claim for relief under the Civil Rights Act of 1964 or the Age Discrimination in Employment Act of 1967, those claims are outside of our jurisdiction and are hereby dismissed.

3. Plaintiff's motion for a transfer is granted in part. Plaintiff's only remaining claim–discriminatory employment action by the VA–is hereby transferred to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1631. The Clerk of Court is directed to effectuate that transfer.

ERIC G. BRUGGINK
Senior Judge

---

[1] We are unpersuaded by the government's argument that jurisdiction might lie in the Federal Circuit were plaintiff to waive his claim of discrimination. Plaintiff's motion to transfer to the district court implies an election not to waive and thus the only court with jurisdiction is the district court.